### (January 22, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM MONASTRA, Appellant, v. DANIEL E. DAMON, as Superintendent of Elmira Reformatory, Respondent.— SWEENEY, J. Appeal from a judgment of the County Court of Chemung County, entered April 10, 1968, which dismissed a writ of habeas

corpus after a hearing. Relator was committed to Elmira Reformatory for a July, 1966 conviction of attempted burglary in the third degree. On February 21, 1967 he was released for extradition to Ohio on the express condition that he be returned to New York after termination of the Ohio prosecution. Concededly, he was not afforded the hearing prescribed by section 838 of the Code of Criminal Procedure. After conviction in Ohio, he was sentenced to imprisonment for an indeterminate period, and was returned to Elmira Reformatory on September 12, 1967 to complete his sentence. He was paroled on May 22, 1968 and immediately extradited to Ohio to commence serving his sentence there. He will be eligible for discharge from the Ohio parole on May 29, 1970. His New York parole term will expire on November 11, 1970. It is relator's contention that the failure to provide a pre-extradition hearing vitiates his remaining New York State parole term and amounts, in effect, to a pardon. With this contention we do not agree. The only person authorized to grant a pardon is the Governor. (N. Y. Const., art. IV, § 4.) We do not have the authority to do so by judicial determination. (*People* v. *Broncado*, 188 N. Y. 150, 155.) Relator was properly sentenced to Elmira. His temporary release to Ohio was conditioned upon his return to New York. The failure to afford relator a hearing could in no way affect the properly imposed New York sentence. At most, it resulted in an earlier Ohio trial. This inured to his benefit, not to his detriment. Our courts have repeatedly held one charged with crime is entitled to a speedy trial. The relator was given credit on the New York sentence for the period of time he spent in Ohio. Consequently, as far as the New York sentence is concerned, he has no cause for complaint. (*People ex rel. Rainone* v. *Murphy*, 1 N Y 2d 367.) Judgment affirmed, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Sweeney, J.